ANNIE RAGSDALE V. THE STATE.

No. 12864.   Delivered December 18, 1929.
Reported in 22 S. W. (2d) 937.

The opinion states the case.

*Truman Warren* and *Alex P. Pope,* both of Tyler, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is selling intoxicating liquor, the punishment confinement in the penitentiary for one year.

Appellant is a negro woman.   Harry King, a negro, testified that he went to appellant's home in the city of Tyler on the fourth day of January, 1928, at night, and bought a pint of whiskey from her. Two officers accompanied King to appellant's house.   One of these officers gave King two dollars and fifty cents with which to buy the whiskey.   All of the witnesses testified that it was dark.   Both officers remained outside.   One officer said he saw appellant deliver the whiskey to King.   The other officer said that he did not witness the transaction, and did not see appellant on the occasion in question.   However, he testified that King had the whiskey when he came out of the house.   The officers made no arrest of appellant at the time, it appearing that she was not arrested until the return of the indictment on the ninth day of March, 1928, which was approximately two months after the offense was alleged to have been committed.   Appellant denied that she made the sale of whiskey to King and gave testimony showing that King had threatened to cause her trouble on account of her refusal to accept his attentions. In this appellant was supported by the testimony of other witnesses. Further, appellant testified that she was in the town of Winona on the night in question.

Motion for a new trial was based in part on newly discovered evidence.   Attached to the motion were the affidavits of a preacher

and a collector for a furniture store in Tyler, both of the parties being white men. It appears from the affidavit of the preacher that he sold appellant vegetables and that at times she owed him small amounts of money; that on January 4, 1928 he went to appellant's house for the purpose of collecting the sum of forty cents, which she owed him for vegetables; that appellant was not at home; that he again went to her home about 8:30 or 9 o'clock that night for the purpose of collecting the money due him; that appellant was not at home, nor did he find anyone else there. The affidavit of the other proposed witness was to the effect that he went to the home of appellant on the date in question for the purpose of collecting an installment due by her on some furniture; that he was at her home between five and six o'clock in the afternoon; that appellant was not at home; that he found no one in the house. That the new testimony is material is clear. Moreover, it appears that it was not owing to the want of due diligence on the part of either appellant or her counsel that the new testimony was not discovered sooner. In Branch's Annotated Penal Code of Texas, section 192, the rule is stated as follows:

"To warrant a new trial on the ground that new testimony has been discovered since the trial it is incumbent on defendant to satisfy the court that the new testimony has come to his knowledge since the trial and that it was not known beforehand, and it must be such as reasonable diligence could not have secured at the former trial; it must be competent, material to the issue, and probably true, going to the merits and not merely cumulative or collateral nor merely to impeach a former witness; and it must appear that it is reasonably probable that it will change the result."

Our examination of the record leads us to the conclusion that the new testimony is within the rule above announced. The issue of guilt was closely contested. We think it is reasonably probable, in the light of the record, that the new testimony will change the result on another trial.

The judgment is reversed, and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.